UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


**IN RE: ISIDORO RODRIGUEZ LITIGATION**

| | |
|---|---|
| Isidoro Rodriguez, et al. v. Douglas Shulman, et al., ) | |
|     D. District of Columbia, C.A. No. 1:11-01183  ) | |
| Isidoro Rodriguez v. Jack Harbetson, et al.,   ) | MDL No. 2307 |
|     W.D. Washington, C.A. No. 2:11-01601   ) | |


**ORDER DENYING TRANSFER**


    **Before the Panel:** Pursuant to 28 U.S.C. § 1407, plaintiffs Irene and Isidoro Rodriguez have moved to centralize this litigation in the Western District of Washington or an "impartial panel" comprised of jurists outside the Second, Third, Fourth, Fifth, and D.C. Circuits.  Three groups of defendants oppose centralization.[1]

    After considering all arguments of counsel and the *pro se* litigants, we will deny the motion. Although these actions share some factual questions concerning, *inter alia*, the plaintiffs' allegations of a wide-ranging conspiracy to deny plaintiff Isidoro Rodriguez the ability to practice law, movants have failed to convince us that those factual questions are sufficiently complex or numerous to warrant centralization.  As a practical matter, there are only two actions at issue and plaintiffs have failed to sufficiently demonstrate that centralization will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the actions.  *See* 28 U.S.C. § 1407(a); *In re Transocean Ltd. Secs. Litig.*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010) ("As we have stated in

---

[1] The first group consists of Edris Harbeston, Jack Harbeston and Sea Search Armada (collectively, private defendants).  The second group includes: G. Steven Agee, James Leroy Banks, William Carlyle Boyce, Jr., William Ethan Glover, Glenn M. Hodge, Barbara Milano Keenan, Cynthia D. Kinser, Lawrence L. Koontz, Jr., Donald W. Lemons, Stephen A. Wannall (collectively, Virginia defendants).  Finally, the third group of defendants include: Marina Utgoff Braswell, Leonie M. Brinkema, Janice Rogers Brown, John O. Colvin, Gregory Craig, John A. Dicicco, Harry T. Edwards, Paul L. Friedman, Merrick B. Garland, Douglas H. Ginsburg, Alberto Gonzales, Thomas B. Griffith, Karen Lecraft Henderson, Eric Holder, Dennis Jacobs, John/Jane Does, Edith H. Jones, Brett M. Kavnaugh, Robert E. Kopp, L. Paige Marvel, Theodore A. Mckee, Robert W. Metzler, Teresa T. Milton, Richard T. Morrison, Thomas E. Perez, A. Raymond Randolph, John G. Roberts, Richard W. Roberts, Judith W. Rogers, Melissa Segal, David Bryan Sentelle, Douglas Shulman, Laurence H. Silberman, William K. Suter, David S. Tatel, William Traxler, Tony West, Laurence J. Whalen, William J. Wilkins, and Stephen F. Williams (collectively, federal defendants).

- 2 -

the past, where only a minimal number of actions are involved, the moving party generally bears a heavier burden of demonstrating the need for centralization."). Particularly, plaintiffs have failed to convince us that the benefits of centralization would outweigh the inconvenience transfer of one or more actions would pose to the numerous defendants, who are predominately based in the metro Washington, D.C. area.

Additionally, plaintiffs' request for centralization before an "impartial panel" misconstrues the role of this Panel. As we held in *In re Glenn W. Turner Enterprises Litig.*, 368 F.Supp. 805, 806 (JPML 1973), "the prospect of an unfavorable ruling by the transferee court or the possibility that another district judge may be more favorably disposed to a litigant's contention is clearly not a factor considered by the Panel in exercising its discretion under Section 1407."

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | W. Royal Furgeson, Jr. |
| Barbara S. Jones | Paul G. Barbadoro |
| Marjorie O. Rendell | Charles R. Breyer |